Cite as: 587 U. S. ____ (2019)          1

# SUPREME COURT OF THE UNITED STATES

## REINALDO SANTOS *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 18–7096.   Decided May 20, 2019

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Eleventh Circuit for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on March 21, 2019.

JUSTICE ALITO, with whom JUSTICE THOMAS joins, dissenting.

The Court grants, vacates, and remands in this case, apparently because it harbors doubt that petitioner's 1987 conviction under Florida law for battery on a law enforcement officer qualifies as a "violent felony" as defined by the Armed Career Criminal Act's elements clause, which covers a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."   18 U. S. C. §924(e)(2)(B)(i).   I share no such doubt: As the case comes to us, it is undisputed that petitioner was convicted of battery on a law enforcement officer after he "'struck [an] officer in the face using a closed fist.'"   App. to Pet. for Cert. A–1, p. 11.   See Fla. Stat. §784.03(1)(a) (2018) (a person commits battery when he "[a]ctually and intentionally touches or strikes another person against the will of the other," among other things).   Because the record makes "perfectly clear" that petitioner "was convicted of battery on a law enforcement officer by striking, which involves the use of physical force against the person of another," App. to Pet. for Cert. A–1,

at 11, I would count the conviction as a "violent felony" under the elements clause and would therefore deny the petition. *Mathis* v. *United States*, 579 U. S. ___, ___ (2016) (ALITO, J., dissenting) (slip op., at 6).